IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KENNETH BERNARD COX, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-466-BT |
| | § | |
| NANCY A. BERRYHILL, Acting | § | |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Kenneth Bernard Cox brings this action for judicial review of the Acting Commissioner of the Social Security Administration's ("Commissioner") final decision denying his claim for supplemental security income under Title XVI of the Social Security Act, pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the final decision of the Commissioner is AFFIRMED.

BACKGROUND

Plaintiff filed his initial claim on June 11, 2013 alleging that he is disabled due to depression. Tr. 76 [ECF No. 13-4]. After Plaintiff's application was denied initially and upon reconsideration, a hearing was held on March 26, 2015, in Dallas, Texas, before an Administrative Law Judge (the "ALJ"). Tr. 49 [ECF No. 13-3]. Plaintiff was born on May 29, 1977, and was 37 years old at the time of the March 26, 2015 hearing. Tr. 49, 76. Plaintiff has a high school education. Tr. 41

1

[ECF No. 13-3]. On July 17, 2015, the ALJ issued her decision finding that Plaintiff has not been under a disability within the meaning of the Social Security Act from June 11, 2013 through the date of her decision. Tr. 42 [ECF No. 13-3]. The ALJ determined that Plaintiff had the severe impairment of major depressive disorder. Tr. 34 [ECF No. 13-3]. The ALJ also determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in Title 20, Code of Federal Regulations, Part 404, Subpart P, Appendix 1. Tr. 36 [ECF No. 13-3].

The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform the full range of work at all exertional levels with the following nonexertional limitations: the ability to understand, remember, and carry out simple instructions, make simple decisions, and attend and concentrate for extended periods. Tr. 38. The ALJ also determined that interpersonal contact should remain incidental to the work performed, but that Plaintiff could accept instructions and respond to changes in a routine work setting. Tr. 38. The ALJ sought the advice of a Vocational Expert ("VE") as to whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC, because Plaintiff has nonexertional limitations. Tr. 41. The VE testified that, given these factors, Plaintiff could perform the jobs of a hand packager, laundry worker, and hospital cleaner. Tr. 41. Based on the VE's testimony, the ALJ determined that Plaintiff was capable of making a successful

adjustment to work that exists in significant numbers in the national economy. Tr. 41. Plaintiff appealed the ALJ's decision to the Appeals Council, and on January 12, 2017, the Appeals Council affirmed the ALJ's decision. Tr. 1 [ECF No. 13-3]. Plaintiff filed this action in the federal district court on February 17, 2017. Compl. [ECF No. 1].

LEGAL STANDARDS

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if

there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of

substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

ANALYSIS

Plaintiff argues that the ALJ erred by failing to apply the appropriate legal standard in deciding Plaintiff's severe impairments at step two. Pl.'s Br. 4 [ECF No. 19]. Plaintiff states that the ALJ failed to correctly set forth the definition of "severe" under *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985) and failed to even cite the *Stone* decision. Pl.'s Br. 4. Plaintiff states that "the ALJ's definition of the word requires an impairment to have a minimal impact on a claimant's ability to work in order for the impairment to be 'severe,'" but that "'*Stone* provides no allowance for a *minimal*, and much less *significant*, interference with a claimant's ability to work.'" Pl.'s Br. 5 (quoting *Pree v. Colvin*, 2013 WL 5184016, at *13 (N.D. Tex. Sept. 13, 2013)).

Plaintiff argues that the medical records show that Plaintiff suffers from arthritis, acne, athlete's foot, jock itch, auditory hallucinations, hernia, paranoid schizophrenia, and affective disorder. Pl.'s Br. 5 (citing Tr. 80 [ECF No. 13-4]; Tr. 221 & 291 [ECF No. 13-8]; Tr. 329 & 341 [ECF No. 13-9]). Plaintiff argues that the ALJ considered only a few of his actual impairments, and that if the ALJ would

6

have used the correct definition of the word "severe," she would have had to consider whether Plaintiff's other conditions, such as chronic headaches, hand and foot pain, and GERD were severe impairments at step two. Pl.'s Br. 6. Plaintiff argues that the ALJ also erred by failing to discuss the factors set forth in 20 C.F.R. § 404.1527(c) ("Section 404.1527(c)") before rejecting state agency medical consultant Dr. Donaldson's opinion that Plaintiff has marked limitations in interacting with others. Pl.'s Br. 7.

In the response, the Commissioner argues that, although Plaintiff claims that the ALJ failed to consider whether his arthritis, acne, athlete's foot, jock itch, auditory hallucinations, hernia, paranoid schizophrenia, and affective disorder were severe impairments, Plaintiff failed to cite the medical records where those conditions caused any work-related limitations. Def.'s Br. 3-4 [ECF No. 21]. The Commissioner argues that Plaintiff waived this argument, because he failed to state the reasons why he deserves the requested relief. Def.'s Br. 4. The Commissioner also argues that a review of the medical records show that the alleged impairments did not cause physical limitations, and Plaintiff cites no treating or examining physician opinion that put limitations on Plaintiff for these alleged impairments. Def.'s Br. 4. In addition, the Commissioner states that, while Plaintiff also claims to have the severe impairments of chronic headache, hand and foot pain, and GERD, Plaintiff's counsel appears to have mistakenly cut

7

and paste these conditions from a brief for a claimant named "Patterson." Def.'s Br. 3-4 n.2 (citing Pl.'s Br. 6).

The Commissioner further argues that, while Plaintiff argues that the ALJ failed to properly evaluate Dr. Donaldson's opinion, *Newton v. Apfel*'s requirement of the detailed six-factor analysis applies only to treating physician opinions, not to a state agency consultant who merely examined Plaintiff. Def.'s Br. 10 (citing *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Ranes v. Astrue*, 2009 WL 2486037, at *10 (N.D. Tex. Aug. 14, 2009); *Taylor v. Astrue*, 245 F. App'x 387, 391 (5th Cir. 2007); *Whytus v. Astrue*, No. 3:07-CV-182-D (N.D. Tex. Aug. 13, 2007); *Grant v. Colvin*, 2014 WL 4626305, at *3 (N.D. Tex. Sept. 16, 2014)). The Commissioner argues that the ALJ properly resolved conflicts in the evidence and gave significant weight to the opinion of state agency medical consultant Rena Popma, Psy. D., finding that Plaintiff only had moderate limitations in social functioning. Def.'s Br. 9 (citing Tr. 40 [ECF No. 13-3]; Tr. 81 [ECF No. 13-4]).

It is Plaintiff's burden to demonstrate that he has a severe impairment. *See Leggett*, 67 F.3d at 564. As the Commissioner points out, Plaintiff failed to cite medical records showing that his arthritis, acne, athlete's foot, jock itch, auditory hallucinations, hernia, paranoid schizophrenia, and affective disorder caused any work-related limitations. *See* Def.'s Br. 3-4 [ECF No. 21]. Rather, as the Commissioner points out, Plaintiff makes repeated arguments regarding the

severe impairments of a claimant named Patterson. *See* Pl.'s Br. 6-7 ("If the impairments are classified as severe, the ALJ would have had to determine the impact of the impairments on Patterson's RFC. . . . In this case, had the ALJ considered Plaintiff's chronic pain, both singly and in combination with his other impairments, the ALJ could have found that Patterson had additional severe impairments at the step 2 finding, and consequently found Patterson disabled."). Also, as the Commissioner argues, the ALJ was not required to conduct a detailed analysis of the Section 404.1527(c) factors before rejecting Dr. Donaldson's opinion, because Dr. Donaldson is a state agency medical consultant. *See* Def.'s Br. 10; *Ranes*, 2009 WL 2486037, at *10 ("*Newton*'s requirement of a detailed, six-factor analysis, however, applies only to the opinions of a 'treating' physician- not one who merely examines a claimant." (citing *Newton*, 209 F.3d at 453; *Taylor v. Astrue*, 245 F. App'x 387, 391 (5th Cir. 2007)); *see also Grant*, 2014 WL 4626305, at *3 (the "ALJ [was] not required to give detailed reasons for discounting the opinions of nontreating consultative medical consultants" (citing *Ranes*, 2009 WL 2486037, at *10)).

As previously discussed, the Court's task is to scrutinize the record as a whole to determine whether substantial evidence is present, and the "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany*, 2014

WL 1255316, at *9; *Greenspan*, 38 F.3d at 236. Furthermore, "[p]rocedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision,'" and "[r]emand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris*, 864 F.2d at 335; citing *January*, 400 F. App'x at 933). The Court concludes that any alleged procedural errors do not cast into doubt the existence of substantial evidence to support the ALJ's decision. There is not a realistic possibility that the ALJ would have reached a different conclusion, and substantial evidence supports the ALJ's decision.

## CONCLUSION

For the foregoing reasons, the final decision of the Commissioner is AFFIRMED.

SO ORDERED.

March 28, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE